{¶ 40} I concur in the majority's analysis and disposition of appellants' assignments of error I, II and III as well as cross-appellant's cross-assignment of error. I further concur in the majority's disposition of appellants' fourth assignment of error.
 {¶ 41} The majority sustains appellants' fourth assignment of error, finding coverage exists under Royal's commercial umbrella policy based upon the majority's analysis of appellants' first assignment of error. Therein, the majority remanded the coverage issue under the Hartford commercial auto policy for a Ferrando analysis. To find coverage under Royal's excess umbrella policy based upon a decision to remand the issue of coverage under Hartford's commercial auto policy seems to put the cart before the horse.
 {¶ 42} Nevertheless, I concur in the majority's disposition of appellants' fourth assignment of error. Having determined appellants are insureds under the Hartford commercial auto policy and that UM/UIM coverage arises under Royal's commercial umbrella policy by operation of law, any notice, consent and subrogation provisions in the Hartford policy do not apply to the Royal UM/UIM coverage created by operation of law.